IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil No. 7:12-CV-049-O-BL |
| Director, TDCJ-CID, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Petitioner Thomas Wayne Florence filed a petition with this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his parole revocation. (Doc. 3). Florence is proceeding *pro se* and *in forma pauperis*. For the reasons hereinafter expressed, Florence's application should be **DENIED**.

## I. BACKGROUND

On February 19, 1993, the 122nd Judicial District Court, a state trial court in Galveston County, Texas, sentenced Florence to a 35-year term of imprisonment for having been in possession of a controlled substance on December 17, 1990. (Cause no. 91CR0155; *see* Doc. 57, Appendix A at 3). He began mandatory supervised release on March 21, 2008. (Doc. 57, Appendix A at 3). A pre-revocation warrant of arrest was issued and executed against him on April 8, 2008. *Id.* The warrant was withdrawn, and Florence released from Texas Department of Criminal Justice ("TDCJ") custody, on July 18, 2008. A second pre-revocation warrant was issued on August 31, 2008, and withdrawn (without having been executed) on September 4, 2008. *Id.*

On March 26, 2010, a pre-revocation warrant was issued to arrest Florence for the offenses of unlawful restraint and assault causing bodily injury to a family member. SHCR-12 at 77.[1] The warrant was executed the following day. *Id.*

On August 5, 2011, the 56th Judicial District Court in Galveston County sentenced Florence to 70 years' imprisonment for having sexually assaulted a child on February 27, 2010. (Cause no. 10CR1217; *see* Doc. 57, Appendix A at 3). Galveston County officials transferred Florence to TDCJ custody on August 23, 2011. (Doc. 57, Appendix A at 3).

Due to his sexual assault conviction, Florence's mandatory supervised release on his possession conviction, cause no. 91CR0155, was revoked pursuant to Tex. Gov't Code § 508.283(b), following a revocation hearing on March 19, 2012. This parole revocation caused him to forfeit 1 year, 8 months, and 18 days of calendar "street-time." (Doc. 57, Appendix A at 3). Florence filed a state application for writ of habeas corpus challenging the revocation of his mandatory supervision release. SHCR-12 at 1. The Texas Court of Criminal Appeals denied relief without written order on September 26, 2012. *Id.* at cover. Florence appears to have exhausted his state court remedies.

On March 26, 2012, Florence filed the instant federal petition challenging the revocation of his mandatory supervised release. In his petition, which does not appear to be time-barred, Florence alleges the following grounds for relief:[2]

      1. The parole arrest warrant was null and void.

      2. There was a conspiracy to delay his revocation hearing.

---

[1]These charges were subsequently dismissed. The use of "SHCR" herein refers to the written pleadings contained within *Ex parte Florence*, Nos. 63,775-01 to -12.

[2]In his petition, Florence numbers his grounds for relief as 1, 2, 3, 5, and 6. (Doc. 3 at 6-7B). The grounds for relief have been assigned consecutive numbers here.

3. He was denied witnesses and the right to counsel at his hearing.

4. The Parole Board's policy practice of denying bond for noncapital offenses violates both the state and federal constitutions.

5. He was unlawfully and illegally on mandatory supervision due to the deceptive business practices used by the Board and TDCJ. (Doc. 3 at 6-7B; Doc. 21).

## II. ANALYSIS

A federal court may issue a writ of habeas corpus to a petitioner held in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a federal habeas petitioner raises a claim that was adjudicated on the merits in state court, his petition may not be granted unless the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2), or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Thus, AEDPA provides for deferential review of both the factual and legal aspects of the state trial court's decision.

As to the factual review pursuant to 28 U.S.C. § 2254(d)(2),

> it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable. Additionally, under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and that presumption must be rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) . . . .
>
> Whereas § 2254(d)(2) sets out a general standard by which the district court evaluates a state court's specific findings of fact, § 2254(e)(1) states what an applicant will have to show for the district court to reject a state court's determination of factual issues. For example, a district court may find by

clear and convincing evidence that the state court erred with respect to a particular finding of fact, thus rebutting the presumption of correctness with respect to that fact. *See* § 2254(e)(1). It is then a separate question whether the state court's determination of facts was unreasonable in light of the evidence presented in the state court proceeding. *See* § 2254(d)(2). Thus, it is possible that, while the state court erred with respect to one factual finding under § 2254(e)(1), its determination of facts resulting in its decision in the case was reasonable under § 2254(d)(2).

*Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (citations and internal quotation marks omitted).

As to legal review pursuant to 28 U.S.C. § 2254(d)(1) of the trial court's decision,

[w]hether a decision is "contrary to" or an "unreasonable application" of clearly established law involves two distinct inquiries. A state-court decision is "contrary to" established law when a court applies a rule that contradicts the governing law" or "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. By contrast, a state-court decision is an "unreasonable application" of established law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. The touchstone of this latter inquiry is whether the state court's application was "objectively unreasonable;" clear error is insufficient, and the more general the rule of law at issue, "the more leeway courts have in reaching outcomes in case-by-case determinations." If "fairminded jurists could disagree" about the correctness of the state court's decision, that decision was not unreasonable.

*Coleman v. Thaler*, 716 F.3d 895, 901-02 (5th Cir. 2013) (citations and internal quotation marks omitted).

## 1. Validity of the Parole Arrest Warrant

In the petition's first ground for relief, Florence asserts that his constitutional right to due process has been violated. He argues that the March 26, 2010 pre-revocation arrest warrant pursuant to which he was arrested for the offenses of unlawful restraint and assault causing bodily injury to a family member was "null and void" because "there was no probable cause determination, the arrest warrant was not signed by the authorized authority to issue warrants, [and] the warrant was issued

illegally with fraud," and also because Parole Office Burton made false statements in his application for the warrant. (Doc. 3 at 6). At Florence's state habeas proceedings, an affidavit was submitted by TDCJ Review and Release Processing Division Section Director Christina Propes in which she averred that the challenged warrant was properly issued by the TDCJ pursuant to Tex. Gov't Code §§ 508.251, 252. The state courts necessarily found this affidavit credible and that the parole arrest warrant was valid. Florence has failed to rebut this finding with "clear and convincing evidence" to overcome the presumption that the state trial court correctly determined that Propes' affidavit was credible evidence of the warrant's validity. *See Batchelor*, 682 F.3d at 405; 28 U.S.C. § 2254(e)(1).

**2. Conspiracy Claim**

In the petition's second ground for relief, Florence again asserts that his constitutional right to due process has been violated, alleging there was a conspiracy to ensure that his revocation hearing would not be in Galveston or Huntsville so that he would have no opportunity to confront Parole Officer Burton. (Doc. 3 at 7). This allegation is conclusory, and Florence therefore fails to rebut the presumption that the state trial court correctly rejected his conspiracy allegation. *See* 28 U.S.C. § 2254(e)(1); *see also Batchelor*, 682 F.3d at 405; *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.1990) ("Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**3. Further Due Process Claims**

In the petition's third ground for relief, Florence asserts that his due process rights were violated because the revocation hearing officer "denied witnesses" and "denied right to counsel." (Doc. 3 at 7). A parolee is constitutionally entitled to certain due process protections before his parole may be revoked. *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Black v. Romano*, 471 U.S. 606, 610 (1985); *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994) ("Probationers and parolees have virtually identical constitutional due process rights in revocation hearings."). In particular, parolees have due process right to (1) written notice of the alleged parole violations; (2) disclosure of the evidence against them; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) cross-examine and confront witnesses unless there is good cause to disallow confrontation; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole. *Morrissey*, 408 U.S. at 489. Indigent parolees have a constitutional right to appointment of counsel at parole revocation hearings only when the "parolee's version of a disputed issue can fairly be represented only by a trained advocate." *Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). Although counsel will not be constitutionally necessary in most revocation cases, "fundamental fairness–the touchstone of due process" may dictate that counsel be appointed in a particular case. *Id.* at 790.

As to the alleged denial of his right to present witnesses, the record indicates that Florence filed and then withdrew his initial motions for witnesses because of his inability to arrange transport for the witnesses to attend the hearing. SHCR-12 at 91-92. The record further indicates that, although Florence's subsequent motion to subpoena witnesses was denied by the hearing officer, *id.* at 91, Florence's judgment and sentence for the crime of sexual assault of a child was sufficient evidence to establish that he had violated his parole. *Id.* at 79-83. Consequently, Florence has not

and cannot show that the absence of witnesses violated his right to due process, or had a substantial or injurious effect on the outcome of the hearing. *Williams v. Johnson*, 171 F.300, 307 (5th Cir. 1999).

Addressing the alleged denial of Florence's right to counsel, there is nothing in the record to indicate that his "version of [any] disputed issue [could have been] fairly . . . represented only by a trained advocate," *Gagnon*, 411 U.S. at 788, or that he was incapable of "speaking effectively for himself." *Id.* at 790-91. The record indicates Florence was denied appointed counsel because the hearing officer found "the allegations were not complex, he had received a new conviction, and he understood the proceeding and could speak for himself." SHCR at 91. Florence has failed to refute these findings, and his contention in this regard is without merit.

**4. Bond Denial Claim**

Florence argues that the Parole Board's policy and practice of denying bond for noncapital offenses violates his rights under both the state and federal constitutions. To the extent Florence alleges a violation of Texas law, it is clearly not the function of this court, in its habeas capacity, to review a state's interpretation of its own law. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir.1983), *cert. denied*, 466 U.S. 975 (1984)). "We have repeatedly admonished that 'we do not sit as a"super" state supreme court' in a habeas corpus proceeding to review errors under state law." *Cook v. Merrill*, 783 F.2d 593, 596 (5th Cir. 1986)(quoting *Cronnon v. Alabama*, 587 F.2d 246, 250 (5th Cir.), *cert. denied*, 440 U.S. 974 (1979)). Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995)).

Florence must establish that his rejected claim is in conflict with clearly established federal law, or that it was based on "an unreasonable determination of the facts in light of the evidence" by the state court. 28 U.S.C. § 2254(d). He has failed to prove either, thus he is not entitled to habeas relief and his claim should be denied.

## 5. Deceptive Business Practices Claim

Florence argues that he was unlawfully and illegally on mandatory supervision due to the deceptive business practices used by the Parole Board and TDCJ. Florence contends that because he refused to sign his mandatory supervision certificate prior to release, there was no binding contract with the State allowing for the forfeiture of his accrued time credits.

The procedures to be followed upon release for parole and mandatory supervision are found in Tex. Gov't Code § 508.154 (2012):

> (a) An inmate to be released on parole shall be furnished a contract stating in clear and intelligible language the conditions and rules of parole.
>
> (b) Acceptance, signing, and execution of the contract by the inmate to be paroled is a precondition to release on parole.
>
> (c) An inmate released to mandatory supervision shall be furnished a written statement stating in clear and intelligible language the conditions and rules of mandatory supervision.
>
> (d) A releasee while on parole or mandatory supervision must be amenable to the conditions of supervision ordered by a parole panel.

When Florence was released to mandatory supervision, he was not required to sign any document. Only inmates released on parole are required to accept, sign and execute a certificate of parole. *Id.*, § 508.154(b),(c).

> When a prisoner is released on mandatory supervision, the state must give him 'a written statement stating in clear and intelligible language the conditions and rules of [his] supervision.' Tex. Gov't Code Ann. § 508.154(c). However, [a prisoner] "has no federal right to insist that a state follow its own procedural rules." *Jackson v. Cain*, 864 F.2d

-8-

1235, 1252 (5th Cir.1989). While parolees are required to sign a parole contract and accept the conditions of parole in order to be released, Texas law does not require inmates released on mandatory supervision to sign a contract. It requires only that inmates released on mandatory supervision be given the rules and conditions of their release in writing. See § 508.154(b), (c). Texas law further requires all releasees, whether on parole or mandatory supervision, to "be amenable to the conditions of supervision ordered by a parole panel." § 508.154(d).

*Hernandez v. Livingston*, 495 Fed.Appx. 414, 417 (5th Cir. 2012).

As Texas law does not require inmates released to mandatory supervision to sign a contract, Florence's allegation that he was unlawfully and illegally on mandatory supervision because he refused to sign his certificate of mandatory supervision is without merit. Tex. Gov't Code § 508.154(c).

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** the petition for writ of habeas corpus be **DENIED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

Dated this 5th day of September, 2013.


E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE